UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
PAUL DAUS and TRACI DAUS,

              Plaintiffs,

  -against-

JANOVER, LLC, *et al.*,

              Defendants.
------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 2:19-cv-06341-FB-RER

*Appearances:*
*For the Plaintiffs*:
WAYNE J. SCHAEFER, ESQ.
Schaefer Law Group, P.C.
186 West Main Street
Smithtown, New York 11787

*For the Defendants*:
RICHARD J. BABNICK, JR., ESQ.
THOMAS McEVOY
Sichenzia Ross Ference LLP
1185 Avenue of the Americas
31st Floor
New York, New York 10036

**BLOCK, Senior District Judge:**

      Plaintiff Paul Daus ("Daus") and his wife, Traci Daus, bring this suit arising out of the lapse of a life insurance policy Daus was provided in connection with his employment by non-movant defendant Janover, LLC ("Janover"). The Dauses allege various violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Defendant Security Mutual Life Insurance Company of New York ("Security Mutual") moves for dismissal of the Complaint

1

as against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion to dismiss is granted in part and denied in part: Count 6 is dismissed as against Security Mutual, Count 7 is dismissed against all defendants, and the motion is denied in all other respects. The Dauses' request for leave to amend is denied.

## I.

The following facts are taken from the Complaint. For present purposes, the Court accepts them as true and draws all reasonable inferences in favor of the plaintiff. *See*, *e.g.*, *Gamm v. Sanderson Farms, Inc.*, 944 F.3d 455, 458 (2d Cir. 2019).

From 2011 to 2016, Daus was employed by Janover. In connection with his employment, Daus and his wife, Traci, were beneficiaries of a group life insurance policy offered by Janover (the "Policy") as part of the Janover LLC Cafeteria Plan, a set of benefits available to employees of Janover. Attached to the Dauses' Complaint is the Janover LLC Cafeteria Plan Document (the "Plan Document"), which "constitutes the written plan document required by ERISA § 402[.]" Compl. Ex. A at 2.

After an extended period of convalescence, Daus's employment with Janover was terminated November 8, 2016. Though the document governing the Policy gave Daus the right to convert his coverage to an individual policy within 31 days of

termination, no one informed Daus of this right, and the option lapsed. After attempting to exercise his conversion option late, Daus brought this suit, claiming breach of fiduciary duty (Count 1); reinstatement of benefits (Count 2); recovery of benefits (Counts 3 and 4); clarification of future benefits (Count 5); failure to furnish information (Count 6); state law breach of contract (Count 7); and attorney's fees (Count 8).

## II.

### A.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The pleading must offer more than "bare assertions," "conclusory" allegations, and a "formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678.

A complaint is "deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sierra Club v. Con-Strux,*

3

*LLC*, 911 F.3d 85, 88 (2d Cir. 2018) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

**B.**

Counts 1 through 5 and 8 stand or fall based upon whether Security Mutual is a fiduciary for the purposes of the Dauses' suit. "In every case charging breach of ERISA fiduciary duty . . . the threshold question is . . . whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000)). A person may be a fiduciary with respect to some matters but not others. *Coulter*, 753 F.3d at 366. Even if plan documents do not designate a person as a fiduciary, he or she might still be a "de facto" fiduciary to the extent that:

> (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 2001(21)(A). The question of whether a person or entity is a fiduciary is fact-intensive and, therefore, typically not a question appropriate for resolution on a motion to dismiss. *See Bernhard v. Cent. Parking Sys. of New York, Inc.*, 282

4

F.R.D. 284, 288 (E.D.N.Y. 2012) (collecting cases); *see also Rispler v. Sol Spitz Co.*, No. 04-CV-1323 DLI ARL, 2007 WL 1926531, at *4 (E.D.N.Y. June 6, 2007).

Security Mutual argues that its role with respect to the Plan was limited to "provid[ing] component benefits (*i.e.* insurance policies) to the Plan," and therefore its fiduciary status did not extend to the transmittal of the conversion notice to Daus. Def. Mem. at 11. But the notice pertained to one of Security Mutual's policies, and in any event, the question of whether Security Mutual was a de facto fiduciary is a factual one. Therefore, Security Mutual's motion on this ground is denied.

## C.

Count 6 alleges that the defendants, including Security Mutual, failed to furnish the information requested by § 1024(b)(4) of ERISA. That provision provides that:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4). For the purposes of ERISA, "administrator" is defined to mean the person designated administrator by the plan documents. 29 U.S.C. § 1002(16)(A).

The Complaint alleges that Security Mutual "at all relevant times herein, was designated as a 'claims administrator by the Plan.'" Compl. at ¶ 30. But the attached

5

Plan Document does not back up that assertion: to the contrary, it provides simply that "'Plan Administrator' means Janover LLC." Compl. Ex. A at 4.

As a general matter, the Court is constrained to credit all factual assertions made by the Complaint. *Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011). "However, there is a narrow exception to this rule for factual assertions that are contradicted by the complaint itself [or] by documents upon which the pleadings rely[.]" *Id.* Where an attached document contradicts the Complaint, the attachment controls. And that is the case here: while the Dauses allege that the Plan Document designates Security Mutual as an administrator, the document itself designates only Janover. Accordingly, the duty imposed by § 1002(16)(A) runs only to Janover, not to Security Mutual, and Count 6 must be dismissed as against Security Mutual.

### D.

Count 7 alleges a New York State contract claim. ERISA expressly preempts state law. It provides that federal law "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). "[A]ll common law causes of action that 'relate to' an employee benefit plan fall under ERISA's express preemption clause." *Watson v. Consol. Edison of N.Y.*, 594 F. Supp. 2d 399, 408 (S.D.N.Y. 2009). A claim is preempted if it is "brought (i) by an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and (ii) under circumstances in which "there is

no other independent legal duty that is implicated by a defendant's actions." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 328 (2d Cir. 2011) (internal quotations and citation omitted).

Here, the state-law contract claim leveled by Count 7 is preempted. The conversion of a policy is a matter governed by ERISA. *See, e.g.*, *Dillon v. Metro. Life Ins. Co.*, 832 F. Supp. 2d 355, 361 (S.D.N.Y. 2011). The two-prong test is satisfied. First, because the Dauses' dispute is grounded in arguments about the administration of the Policy, it is appropriately brought as a ERISA claim.[1] Second, there is no independent legal duty implicated by the actions of Security Mutual: the Dauses' claim entirely derives from its performance under the Policy. Accordingly, the Dauses' state law contract claim is preempted.

Although only Security Mutual has moved to dismiss, the Court may dismiss a count with respect to nonmovant defendants where the issue presented is substantially the same across defendants and the party against whom dismissal is entered had notice and an opportunity to be heard. *Hecht v. Com. Clearing House, Inc.*, 897 F.2d 21, 26 n.6 (2d Cir. 1990). That test is met here, and it is apparent to the Court that, unlike dismissal of Count 6, which addresses a pleading deficiency specific to Security Mutual, dismissal of Count 7 across the board would streamline

---

[1] Indeed, that is what happened here: Counts 1 through 5 are ERISA claims, which the Dauses correctly argue were properly pleaded.

the action and serve the interests of clarity and judicial economy. Therefore, Count 7 is dismissed as against all defendants.

Accordingly, Security Mutual's motion to dismiss is granted in part and denied in part: Count 6 is dismissed as against Security Mutual, Count 7 is dismissed as against all defendants, and the motion is denied in all other respects. The Dauses' request for leave to amend is denied.[2]

**SO ORDERED.**

    /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
February 22, 2022

---

[2] The Daus's request for leave to amend the Complaint is a cryptic, generalized application devoid of any specific factual basis. It is within the Court's discretion to deny leave to amend in such circumstances. *See, e.g. Pickett on behalf of Teladoc Health, Inc. v. Teladoc Health, Inc.*, No. 1:19-CV-5875-GHW, 2021 WL 4239176, at *3 (S.D.N.Y. Sept. 17, 2021) (vague request for leave to amend is not a fallback position in response to a dispositive motion); *Gause v. Suffolk Cty.*, No. 02CV4600(SJF)(WDW), 2007 WL 330241, at *1 (E.D.N.Y. Jan. 25, 2007) (Leave to amend may be denied where the movant knew or should have known of existing facts and failed to include them in the original pleading).