UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL DAUS and TRACI DAUS,<br><br>        Plaintiffs,<br><br>-against-<br><br>JANOVER LLC CAFETERIA PLAN, JANOVER, LLC, Individually, and in its capacity as Plan Administrator and Plan Sponsor of Janover LLC Cafeteria Plan, MARK K. GOODMAN, ALAN J. HOFFMAN, MARSHA P. ELLOWITZ, ANNE MARIE FLYNN, JAY H. FREEBERG, ERIC M. FRIED, CRAIG B. GEIST, ELLIOT M. GLASS, AARON D. GOLDSTEIN, SAMUAL GREENBERGER, MINDY KAMAN, JAMES LOGAN, JOSEPH A. MAFFIA, NANCY MARINAS, CHRISTINE A. MILLER, LEONARD OKUN, KENNETH H. RICK, DOMINIC ROVANO, MARK B. SOLOMON, BARRY L. SUNSHINE, JOSEPH B. TANCER, SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, RENAISSANCE LIFE & HEALTH INSURANCE COMPANY OF NEW YORK, RENAISSANCE HOLDING COMPANY, and RENAISSANCE HEALTH SERVICE CORPORATION,<br><br>        Defendants. | **MEMORANDUM AND ORDER**<br><br>Case No. 19-CV-6341 |

*For the Plaintiffs:*
WAYNE J. SCHAEFER
Schaefer Law Group, P.C.
186 West Main Street
Smithtown, NY 11787

*For the Janover Defendants:*
JASON B. LEVIN
Jackson Lewis P.C.
666 Third Avenue, 29th Floor
New York, NY 10017

1

**BLOCK, Senior District Judge:**

On April 22, 2025, the Court granted summary judgment to the defendants in this litigation, in which Paul Daus and his spouse Traci Daus (together, "Plaintiffs") had alleged numerous violations of the Employee Retirement Income Security Act, ("ERISA"), 29 U.S.C. § 1001 *et seq.*, by Paul Daus' former employer, Janover, the Janover LLC Cafeteria Plan, and 21 individual principals of Janover (collectively, "Defendants"). In essence, Plaintiffs alleged that Defendants improperly deprived Paul Daus of his right to convert a group life insurance policy to an individual policy following his termination, preventing Plaintiffs from securing future life insurance benefits under the policy.

Plaintiffs now seek reconsideration of the Court's prior memorandum and order granting Defendants' summary judgment motion ("Summary Judgment Decision"). ECF No. 180. In the Summary Judgment Decision, the Court focused on whether Paul Daus had waived claims under ERISA as part of an earlier settlement agreement between the parties resolving his claims of disability discrimination and retaliation ("Settlement Agreement"). The Court found Paul Daus had knowingly and voluntarily waived his claims, a conclusion Plaintiffs do not challenge. Rather, Plaintiffs argue the claims of Traci Daus, as intended beneficiary of her husband, were wrongly dismissed, irrespective of her husband's waiver of his own claims.

2

Separately, Plaintiffs have also moved to seal the Summary Judgment Decision, or alternatively, file a redacted version. ECF No. 183. For the following reasons, Plaintiffs' motion for reconsideration is denied, and Plaintiffs' motion to seal is granted in part.

## I.   Motion for Reconsideration

The complete undisputed facts of this case are set forth in full in the Summary Judgment Decision. Of relevance here, Paul Daus had worked for Janover for several years starting in 2011. In that job, he was a participant in the company's group life insurance plan; Traci Daus was his beneficiary. In 2016, Janover terminated Paul Daus, who subsequently ceased to be covered by the plan. Paul Daus then brought a disability discrimination charge against the company, and in 2018 the parties struck the Settlement Agreement, in which Janover agreed to pay a sum of money, and Paul Daus waived "any and all claims" against the company, including claims under ERISA.

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

The crux of Plaintiffs' reconsideration motion is that Traci Daus "had independent standing to maintain the claims at bar by virtue of her status as an intended beneficiary based on her husband's participation in the [Janover] plan." Pls.' Mem. at 1, ECF No. 191-1. Thus, Plaintiffs argue, even if Paul Daus waived claims against the Defendants under ERISA, the Court must permit the case to proceed because his wife's status as his beneficiary entitles her to bring the identical ERISA claims herself.[1]

Preliminarily, ERISA provides a cause of action to a "participant or beneficiary" of a plan. 29 U.S.C. § 1132(a)(1). In an ERISA case, the question of whether a participant or beneficiary has "standing is determined as of the time of the lawsuit, not at the time of the alleged ERISA violations." *Donohue v. Teamsters Loc. 282, Welfare, Pension, Annuity, Job Training & Vacation & Sick Leave Tr. Funds*, 12 F. Supp. 2d 273, 279 (E.D.N.Y. 1998) (citing *Raymond v. Mobil Oil*, 983 F.2d 1528, 1534–35 (10th Cir.1993)). There is no question that Paul Daus and Traci Daus were no longer current participants or beneficiaries at the time this suit was filed.

---

[1] As Defendants correctly observe, the Summary Judgment Decision did not hold that Traci Daus had independent standing, but rather discussed the effect of Paul Daus' waiver in the hypothetical scenario in which she did. *See* Summary Judgment Decision at 15 (noting that "while Traci Daus *may* have standing, she would ultimately have to make the same showing as her husband" (emphasis added)).

Ordinarily, this may not be fatal, because the Supreme Court has interpreted "participant or beneficiary" to encompass not only current participants and beneficiaries, but also those who have a reasonable expectation of future eligibility for benefits. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989). "In order to establish that he or she 'may become eligible' for benefits, a claimant must have a colorable claim that (1) he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be fulfilled in the future." *Id.* at 117–18. The Plaintiffs in this case thus may initially have had standing to assert they would "become eligible" for benefits. But the Court's Summary Judgment Decision, which found Paul Daus had released Defendants from liability under ERISA, extinguished the possibility of his reestablishing eligibility.

Plaintiffs' argument on reconsideration is that in *Mullins v. Pfizer* the Second Circuit crafted an exception to this general rule that standing in an ERISA case is determined at the commencement of suit. Pls.' Reply at 5, ECF No. 191-3 (citing 23 F.3d 663 (2d Cir. 1994)). Plaintiffs argue that *Mullins* provides that plaintiffs may have standing to bring ERISA claims even when they are no longer a participant or beneficiary at a suit's outset, if they allege they *would have* retained participant or beneficiary status but for a defendant's wrongful acts.

However, Plaintiffs read *Mullins* too broadly. In *Mullins*, the Second Circuit considered the case of a Pfizer employee who signed an early retirement form a

5

few weeks prior to the company's announcement of a new voluntary severance option, which would have provided him additional retirement benefits. 23 F.3d at 665. Mullins then sued Pfizer for constructive discharge and fraudulent misrepresentation under ERISA, arguing the company misled him into prematurely accepting the less lucrative package. *Id.* The district court held that because Mullins failed to establish constructive discharge, he had no standing under ERISA. *Id.* The Second Circuit reversed, reasoning that to deny Mullins standing "would have the anomalous effect of allowing a fiduciary 'through its own malfeasance to defeat the employee's standing.'" *Id.* at 668 (quoting *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1221 (5th Cir. 1992)).

It is thus true that in *Mullins* the Second Circuit held that plaintiffs may have standing to assert claims against an ERSIA fiduciary even if they are no longer a plan participant, nor eligible to become one, at the time they file suit. But this is not as wide an exception to the typical standing rule as Plaintiffs suggest. In *Mullins*, the Second Circuit followed the First Circuit's reasoning in *Vartanian v. Monsanto*, 14 F.3d 697 (1st Cir. 1994). Both cases concerned allegations that employers misrepresented their intentions to implement future improvements to retirement benefits, fraudulently inducing employees to accept smaller retirement packages before the benefits took effect.

6

Both cases thus surfaced a concern that employers may be able to dodge ERISA liability where a plaintiff's lack of standing flowed from the employer's own misrepresentations. Given Congress's intention that ERISA afford broad protection to plan participants, the Second Circuit reasoned that "[i]t is more consistent with legislative intent to afford standing *in the present context*." *Mullins*, 23 F.3d at 668 (emphasis added). The "present context" was, of course, one in which an employer was alleged to have itself brought about the cessation of a plaintiff's participant status through its own misleading statements about changes to its benefits package.

The instant case of Paul and Traci Daus is a markedly different context. In contrast to *Vartanian* and *Mullins*, there is no allegation that the Defendants' fraudulent misrepresentations caused Traci Daus to voluntarily relinquish her beneficiary status. Nor did Paul Daus allege that Janover deceived him into voluntarily ending his own status as a plan participant. Simply put, *Mullins* and the decisions of other circuits cited within, all deal with the quite different scenario of employees taking early retirement packages. That situation is to be distinguished from the scenario here, in which a beneficiary seeks to assert standing to pursue

ERISA claims derived from her spouse's status as a plan participant, which has long since ended and has no reasonable possibility of revival.[2]

Accordingly, Traci Daus is without standing to pursue the claims set forth in the Amended Complaint. Plaintiffs' motion for reconsideration is denied.

## II.     Motion to Seal

Plaintiffs have separately moved to maintain the Summary Judgment Decision under seal.[3] In determining whether to seal or unseal materials, the Court must conduct a three-step inquiry:

> First, the court determines whether the record at issue is a judicial document—a document to which the presumption of public access attaches. Second, if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document. Third, the court must identify all of the factors that legitimately counsel against disclosure of the judicial document and balance those factors against the weight properly accorded the presumption of access.

*Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 69–70 (2d Cir. 2023), *cert. denied*,144 S. Ct. 1011 (2024) (citation modified).

---

[2] As the Second Circuit noted, other circuits had arrived at different answer to the question of whether employees who were no longer plan participants ought to have standing under ERISA. *Mullins*, 23 F.3d at 667–68. But each of these cases *also* concerned the scenario of employees taking early retirement. *See Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1536–37 (10th Cir. 1993); *Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 435 (4th Cir.1986).

[3] At Plaintiffs' request, the Court has temporarily sealed the Summary Judgment Decision while the parties briefed the motion to seal.

The Summary Judgment Decision is, obviously, a judicial document. *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (judicial documents are those "relevant to the performance of the judicial function and useful in the judicial process"). As to the second step, the "general and deeply rooted rule is that the presumptive right of access is afforded strong weight when applied to documents that play a central role in determining litigants' substantive rights—conduct at the heart of Article III." *Mirlis v. Greer*, 952 F.3d 51, 60 (2d Cir. 2020) (citation modified). With respect to such documents, "access is critical as it enables the public to monitor the actions of the courts and juries to ensure a measure of accountability and bolster confidence in the administration of justice." *Id.* (citation modified). Plainly, there is a strong presumption of public access to the Summary Judgment Decision, as a document determining substantive rights.

As to the third step, Plaintiffs raise two countervailing concerns that they argue weigh against the unsealing of the document. First, they argue that the discussion of Paul Daus' medical condition is only "collateral" to the ERISA issues in dispute, and are primarily a personal, private matter. *See* Pls.' Letter Brief at 2, ECF No. 183. Second, they argue that the Summary Judgment Decision contains "references . . . to plaintiffs' personal financial information, particularly as they relate to the contents of the [Settlement Agreement]." *Id.* at 3.

9

The Court agrees that the nature of Paul Daus' medical condition and related facts are collateral to the core issues in dispute; these facts do not bear directly on his ERISA claims, but only on particular arguments Plaintiffs have proffered related to Paul Daus' waiver of claims in the Settlement Agreement. The collateral nature of these facts reduces the weight of the presumption favoring public access. *See, e.g.*, *Bd. of Trs. of AGMA Health Fund v. Aetna Life Ins. Co.*, No. 24-CV-5168, 2024 WL 4604618, at *1 (S.D.N.Y. Oct. 28, 2024) ("[T]he weight of the presumption of access is low with respect to [collateral] material, as the material does not bear on Plaintiff's claims."). That such medical information is personal and private further weighs in favor of limiting access. *See, e.g.*, *Dawson v. Merck & Co.*, No. 12-CV-1876, 2021 WL 242148, at *11 (E.D.N.Y. Jan. 24, 2021) (maintaining documents under seal given privacy interests that attach to personal medical information). The Court has "considerable discretion" in determining when the sealing or redacting of judicial documents is appropriate. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000). Here, limited redaction of Plaintiff's medical information is justified.

The same holds for the precise amount paid under the terms of the Settlement Agreement. While the Court might quibble with Plaintiffs' characterization of this figure as "personal financial information," it is nevertheless "generally accepted that settlement agreements are not 'judicial documents,'" and

10

"[t]herefore, settlement agreements are generally not subject to a presumption of public access." *Bouzzi v. F & J Pine Rest.*, No. 10-CV-457, 2011 WL 7004194, at *3 (E.D.N.Y. Aug. 19, 2011), *report and recommendation adopted*, 841 F. Supp. 2d 635 (E.D.N.Y. 2012).

None of these facts, however, overcome the strong presumption of public access to judicial documents that attaches to judicial decisions. Sealing the entirety of the Summary Judgment Decision is inappropriate, especially where, as here, limited redactions adequately address Plaintiffs' proffered privacy concerns.

### III.  Conclusion

Accordingly, Plaintiffs' motion for reconsideration is denied. Plaintiffs' motion to seal is granted in part. A redacted copy of the Summary Judgment Decision—redacting limited references to Plaintiffs' medical condition and the dollar figure paid under the parties' Settlement Agreement—will be filed on the public docket. An unredacted copy will be filed under seal.

**SO ORDERED.**

   /S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 5, 2025

11